J-S35002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ZARINAH MUHAMMAD :
:
Appellant : No. 690 MDA 2022

Appeal from the Judgment of Sentence Entered April 6, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-SA-0000053-2022

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 11, 2023**

"*Why is nice bad? What kind of a sick society are we living in when nice is bad?"* George Costanza on *Seinfeld*, (Larry David and Jerry Seinfeld, Season 3, Episode 7, November 6, 1991).

While "nice" may be elusive at times, our society cannot permit the type of public display of abusive, disrespectful, insulting and obnoxious behavior such as Appellant directed toward law enforcement officers in this case.

Appellant deserves to be punished for her public use of explicit, offensive language directed at Luzerne County deputies in the Courthouse annex, especially in a place where the rule of law is sacrosanct. Because of the

_____

[*] Former Justice specially assigned to the Superior Court.

wording of the statute in question and relevant case law, however, Appellant escapes responsibility for her actions.

The deputies were merely enforcing **court** rules that required individuals to wear a mask entering the building during the time of the pandemic. Appellant, who obtained a mask after first refusing to wear one, cursed at a security officer and shouted "fuck you" in a public hallway several times to a deputy and security officer as she was walking to the elevator.

The Majority correctly follows precedent that the evidence here was insufficient to uphold her conviction for Disorderly Conduct under 18 Pa.C.S.A. § 5503(a)(3). Such precedent holds that the offensive language used in this case does not meet the legal definition of "obscene" in that it does not appeal to anyone's prurient interest, nor did it describe in a patently offensive way, sexual conduct. Thus, I reluctantly agree with the Majority decision to reverse the conviction.

However, I urge the Pennsylvania Legislature to criminalize, even by using just a fine as punishment, within of course constitutional standards, such abusive and belligerent conduct toward law enforcement officers and other first responders. The blatant offensive behavior and language by Appellant erodes confidence and respect toward those whose responsibility it is to protect the rights and lives of others. Moreover, such behavior and language in public can incite an escalation of combative language and actions, including violence, by others toward police officers.

While the law cannot require people to be "nice", public displays of language and conduct such as in this case directed toward those who are sworn to enforce the law should be prohibited.[1]

Thus, I respectfully Concur.

P.J.E. Bender and Judge McLaughlin join the Concurring Memorandum.

_____

[1] In **Commonwealth v. Pringle**, 450 A.2d 103 (Pa.Super. 1982), this Court affirmed the appellant's disorderly conduct conviction under subsection (a)(3) after she repeatedly referred to police officers as "goddamn fucking pigs" when they were attempting to arrest another individual. On appeal, the appellant argued that her words were not "obscene," and thus, were protected under the First Amendment. In rejecting her claim, this Court, although recognizing several United States Supreme Court cases dealing with the use of obscene words, distinguished those cases and held that "one may be convicted of disorderly conduct for engaging in the activity of shouting profane names and insults at police officers on a public street while the officers attempt to carry out their lawful duties." **Pringle**, 450 A.2d at 106.

However, subsequently, in **Commonwealth v. Bryner**, 652 A.2d 909 (Pa.Super. 1995), this Court explained that "[a]lthough the **Pringle** court found that calling police officers 'goddamn fucking pigs' was obscene under this state's disorderly conduct statute, the word 'obscene' was not defined. It is important to define the word 'obscene' because obscenity is not within the area of constitutionally protected speech under the First Amendment." **Bryner**, 652 A.2d at 911. This Court in **Bryner** then noted that, effective December 19, 1990, the legislature defined "obscene" in the Crimes Code as follows:

**"Obscene."** Any material or performance, if:
(1) the average person applying contemporary community standards would find that the subject matter taken as a whole appeals to the prurient interest;
(2) the subject matter depicts or describes in a patently offensive way, sexual conduct of a type described in this section; and
(3) the subject matter, taken as a whole, lacks serious literary, artistic, political, educational or scientific value.

18 Pa.C.S. § 5903(b) (bold in original).